UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN E. BARHITE,

    Petitioner,

v

PATRICIA CARUSO,

    Respondent.

_____/

Case No. 5:06-cv-35

HON. JANET T. NEFF

## OPINION

This is a habeas corpus action brought by a pro se state prisoner under 28 U.S.C. § 2254. Pending before the Court pursuant to FED. R. CIV. P. 72(a) and W.D. Mich. LCivR 72.3(a) is petitioner's May 11, 2009 appeal of the Magistrate Judge's February 13, 2009 order to stay and administratively close proceedings (Dkt 71). Respondent did not file a response. Also pending is petitioner's July 24, 2009 Motion to Reopen Case (Dkt 76), to which respondent also did not file a response. As discussed herein, petitioner's Appeal of Magistrate Judge's Order is denied and his Motion to Reopen Case is granted.

### I. BACKGROUND

A state-court jury convicted petitioner of two counts of third-degree criminal sexual conduct and two counts of fourth-degree criminal sexual conduct. The state court of appeals affirmed his convictions and sentences. *People v. Barhite,* No. 237890 (Mich. Ct. App. May 6, 2004). The state supreme court denied his application for leave to appeal, *People v. Barhite,* No. 126398 (Mich. Nov.

22, 2004), as well as his motion for reconsideration, *People v. Barhite,* No. 126398 (Mich. Mar. 29, 2005). His convictions became final when the 90-day window for filing a petition for a writ of certiorari to the United States Supreme Court expired. *See Jimenez v. Quarterman,* ___ U.S. ___; 129 S.Ct. 681, 685 (2009); SUP. CT. R. 13(3). Under the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), petitioner thereafter had one year during which to file his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A) (one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

On February 23, 2006, petitioner timely filed his *pro se* petition for writ of habeas corpus, seeking relief on nine claims (Dkt 1). Respondent filed an answer to the petition on September 6, 2006 (Dkt 21) and subsequently filed the Rule 5 materials. *See* RULES GOVERNING § 2254 CASES, Rule 5.

There was no action taken on the file until February 13, 2009, when the Magistrate Judge entered an order finding unexhausted petitioner's Claim VII (concerning prosecutorial misconduct during appeal) and Claim VIII (concerning an issue regarding the adequacy of petitioner's appeal) (Dkt 60). The Magistrate Judge determined, sua sponte, to stay proceedings and administratively close petitioner's habeas action until petitioner filed a timely motion to amend the habeas petition to include any subsequently exhausted claims. The Magistrate Judge granted petitioner 30 days within which to return to state court to exhaust Claims VII and VIII. In the alternative, the Magistrate Judge granted petitioner 30 days in which to file a motion to amend his petition to dismiss Claims VII and VIII. The Magistrate Judge cautioned that "if petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition." The Magistrate Judge's order did not set forth the procedure for appealing the order to the District Judge.

On March 5, 2009, petitioner filed a motion for extension of time to return to state court (Dkt 61). Further, on March 11, 2009, petitioner filed a notice of appeal to the Sixth Circuit Court of Appeals (Dkt 64). Last, on March 26, 2009, petitioner filed a motion for reconsideration of the Magistrate Judge's order to stay proceedings (Dkt 67).

On April 23, 2009, the Sixth Circuit rejected petitioner's appeal because the order to stay proceedings was not appealable to that court where "[t]he magistrate judge was not given plenary jurisdiction in this case" (Dkt 70). After the Sixth Circuit's dismissal of his appeal, petitioner filed this appeal on May 11, 2009 from the Magistrate Judge's February 13, 2009 order to stay proceedings and a supporting brief (Dkts 71-72). In his supporting brief, petitioner indicates that "[s]hould this court not stay its order, Petitioner would ask this court to allow him to file a motion to amend his petition to dismiss Claims VII and VIII," although he also indicates that he does "not want to do this" (Dkt 72 at 16).

On July 24, 2009, petitioner filed a document named a Letter of Inquiry and Request for Guidance, which was docketed as a Motion to Reopen Case (Dkt 76). On August 10, 2009, the Magistrate Judge denied as moot petitioner's motions for an extension of time and for reconsideration (Dkt 78).

## II. DISCUSSION

### A. *Applicable Law*

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan, supra.* "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional

issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.

Indeed, the United States Supreme Court has held that a federal district court may not adjudicate a "mixed" petition for habeas corpus, that is, a petition containing both exhausted and unexhausted claims. *Rose v. Lundy,* 455 U.S. 509, 518-19 (1982). Relying on the interests of comity and federalism, the *Lundy* Court imposed a requirement of "total exhaustion" and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance. *Id.* at 522. When the Supreme Court decided *Lundy,* there was no statute of limitations on the filing of federal habeas corpus petitions.

In *Palmer v. Carlton,* 276 F.3d 777 (6th Cir. 2002), which was decided after the enactment of the AEDPA in 1996, the Sixth Circuit Court of Appeals addressed "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Id.* at 780 (quoting *Duncan,* 533 U.S. at 184 (Stevens, J., concurring)). Palmer had timely filed his initial habeas petition, but the AEDPA one-year limitations period expired on the day that he filed it. *Id.* Hence, when Palmer's petition was dismissed without prejudice to allow exhaustion of a ground for relief in state court, his refiling of the petition was untimely. *Id.* On appeal, the Sixth Circuit approved in theory the approach followed by the Second Circuit Court of Appeals, which was to dismiss only the unexhausted claims in the habeas petition and stay further proceedings on the remaining portion until the petitioner has exhausted the remedies available in state court; however, the Sixth Circuit declined to apply the approach to the facts before it, which included Palmer's unexplained delay in refiling his petition. *Id.* at 781-82.

In *Rhines v. Weber,* 544 U.S. 269, 273 (2005), the United States Supreme Court granted certiorari to resolve the split among the circuits regarding the propriety of the "stay-and-abeyance" procedure. The Supreme Court stated that it wished to "confront [] the problem of a 'mixed' petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not." The specific issue the Court considered was "whether a federal district court has discretion to stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *Id.* at 271-72.

The Supreme Court observed that as a result of the interplay between the AEDPA's one-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with mixed petitions "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines,* 544 U.S. at 275. "If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review." *Id.*

The Supreme Court held that the discretionary authority of district courts to issue stays is circumscribed by the objectives of the AEDPA, which are to encourage the finality of criminal convictions and streamline federal habeas proceedings. *Rhines,* 544 U.S. at 276-77. The Supreme Court approved the stay-and-abeyance procedure adopted by some federal circuit courts, including the Sixth Circuit, agreeing that federal district courts have discretion "in limited circumstances" to hold in abeyance, rather than dismiss, a mixed petition.

Specifically, the Supreme Court held that stay and abeyance is appropriate when (1) the petitioner had "good cause" for failing to exhaust the claim first in state court, (2) the unexhausted claim is not "plainly meritless," and (3) there is no indication that the petitioner engaged in

"intentionally dilatory litigation tactics." *Rhines,* 544 U.S. at 277-78. The Supreme Court held that the stay-and-abeyance procedure is appropriate only in these limited circumstances because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts. *Id.* at 277. The Supreme Court noted that, even if abeyance is granted, "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278.

B. *Appeal of Magistrate Judge's Order*

This Court reviews a magistrate judge's order to determine whether "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). At the time the Magistrate Judge entered his order to stay proceedings, Local Rule 72.3(a) provided in pertinent part that "[a]ny party may appeal from a magistrate judge's order determining any motion or matter within ten (10) days after service of the magistrate judge's order, unless a longer time is prescribed by the magistrate judge or a judge." W.D. Mich. LCivR 72.3(a). The local rule now provides for a fourteen-day period within which to file an appeal.

Under either version of the local rule, petitioner did not timely file an appeal of the Magistrate Judge's order. Petitioner indicates in his Motion to Reopen Case that he mistakenly filed his March 11, 2009 appeal with the Court of Appeals rather than the District Judge (Dkt 76 at 4).

Even assuming petitioner timely filed this appeal, he has not shown that the Magistrate Judge's order to stay proceedings is either clearly erroneous or contrary to law. Petitioner argues, in essence, that it was unnecessary for the Magistrate Judge to stay his case because the Magistrate Judge erroneously found Claim VII unexhausted (Dkt 71 at 1). Petitioner concedes that "there could be some question as to if issue VIII is exhausted" (*id.*).

The Magistrate Judge did not clearly err in concluding that the state courts have not yet had an opportunity to act on Claim VII, petitioner's prosecutorial misconduct claim. Although petitioner

asserts that the prosecutorial misconduct "would have been uncovered" had only the appellate panel "inquired," petitioner admits that his appellate attorney did not present the issue to the state court of appeals in his direct appeal (Dkt 72 at 4-6). Similarly, although petitioner claims that he presented the issue in his pro se brief (Dkt 72 at 8, 11), he concedes that the state court of appeals did not address the issue in its opinion. (The state court of appeals found two of petitioner's pro se issues "undecipherable.") Last, petitioner concedes he has not raised the issue in a post-judgment proceeding under MICH. CT. R. 6.500 (Dkt 72 at 12-13). Given the Magistrate Judge's conclusion that the findings required under *Rhines* are satisfied in this case, the Magistrate Judge did not abuse his discretion in staying these proceedings for petitioner to give the state courts an opportunity to act on his unexhausted claims. Petitioner's appeal is therefore denied.

### C. *Motion to Reopen Case*

Petitioner's July 24, 2009 Motion to Reopen Case (Dkt 76) laments the progress of his case, seeking, in particular, rulings on his then pending filings: his motion for an extension of time, his motion for reconsideration, and this appeal. As this appeal of the Magistrate Judge's February 13, 2009 Order is the last outstanding motion in his case, petitioner's request in this regard is moot.

However, in fairness to the unrepresented petitioner, this Court will grant his Motion to Reopen Case and reinstate the 30-day period provided by the Magistrate Judge for returning to state court to exhaust Claims VII and VIII. In the event petitioner fails to initiate a state court action to present his unexhausted claims, the Court will proceed to review only the properly exhausted claims asserted in his petition.

This Court cautions petitioner that the statute of limitations is not tolled during the pendency of a federal petition. *See Duncan v. Walker,* 533 U.S. 167, 181-82 (2001). The one-year limitations period for petitioner's habeas action has long since expired, and he therefore runs the risk of forever

losing his opportunity for any federal review of his unexhausted claims. *See* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.").

## III. CONCLUSION

For the reasons stated, petitioner's Appeal of Magistrate Judge's Order (Dkt 71) is DENIED and petitioner's Motion to Reopen Case (Dkt 76) is GRANTED.

An Order consistent with this Opinion will be entered.


Date: December 17, 2009          /s/ Janet T. Neff
                                 JANET T. NEFF
                                 United States District Judge